UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60075-SINGHAL

UNITED STATES OF AMERICA

vs.

PAUL KADRI,

       Defendant.
_____/

## DETENTION ORDER

On April 27, 2022, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Paul Kadri ("Defendant") should be detained prior to trial. The Government sought to detain Defendant on the grounds that he presents both a danger to the community and a risk of flight. *See* 18 U.S.C. § 3142(e). Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's proffer, the testimony of the law enforcement agent, the facts contained in the Pretrial Services Report ("PSR"), and the arguments of counsel, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community. The Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future court proceedings if Defendant is released prior to trial. Therefore, this Court orders that Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1.      Defendant is charged by Indictment with transportation of child pornography (Count 1), in violation of 18 U.S.C. § 2252(a)(1) and (b)(1), and possession of child pornography (Count 2), in violation of 18 U.S. C. § 2252(a)(4)(b) and (b)(2). If convicted of Count 1, Defendant faces a possible mandatory minimum sentence of 5 years and a maximum of up to 20 years in prison. As to Count 2, Defendant faces a maximum of up to 20 years in prison. Defendant faces an estimated advisory Sentencing Guidelines range of 78 months in prison.

2.      Because Defendant is charged with an offense involving a crime of violence, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community if Defendant were released prior to trial. *See* 18 U.S.C. § 3142(e)(3)(E). Defendant did not present any evidence to rebut this presumption.

3.      The evidence against Defendant is substantial. At the detention hearing, the Government proffered evidence and the law enforcement agent testified that:

   a. On September 20, 2021, Defendant arrived at Fort Lauderdale-Hollywood International Airport on a flight from Panama City, Panama. Customs and Border Protection ("CBP") Officers referred Defendant to secondary baggage control for inspection. The secondary inspection area is monitored by video surveillance. While Defendant was waiting in secondary inspection, CBP Officers saw him reach into his suitcase and remove a pair of pliers. Using the pliers, Defendant began to destroy several thumb-drives he had in his possession. CBP Officers rushed in and asked Defendant to drop the pliers and detained him for further inspection.

   b. In response to law enforcement questions about the destruction of the thumb-drives, Defendant stated that the drives contained personal items with his girlfriend that he did

    not want anyone to see. CBP Officers then conducted a pat down of Defendant. During the pat down, Defendant spontaneously stated that he believed he was detained because of sexual activities with underage females. Defendant then became upset and increasingly agitated. Ultimately, Defendant asked an officer to give Defendant his gun so Defendant could kill himself. Defendant was then placed in restraints. As a result of his statements and conduct during secondary inspection, Defendant was involuntarily committed under the Baker Act.

c. After being advised of his *Miranda* rights, Defendant told law enforcement that he had a 2-year work visa in Colombia, and had moved to Colombia to run a school for women and to start a company. According to Defendant, starting in 2018, he went into the web cam industry and started a business where he would rent space for women to perform sex acts on the internet. Defendant advised that he had approximately 17 women living in the space, all of whom were at least 18 years old.

d. CBP Officers seized several electronic devices from Defendant: (i) one laptop; (ii) two cellphones; (iii) one desktop; (iv) five broken flash drives; (v) one intact flash drive; and (vi) miscellaneous documents. On one flash drive, law enforcement found hundreds of folders labeled with women's names, containing nude photos of women, some of whom appeared very young.[1]

e. Forensic examination of Defendant's electronic devices revealed 10 images of child sexual exploitation material. More specifically, many of the images depicted minors engaged in sexual acts and/or lascivious poses, consistent with child pornography.

---

[1] At this time, law enforcement has not yet determined the ages of the women in these photographs.

    f.    Law enforcement submitted the recovered images to the National Center for Missing and Exploited Children for further analysis. Three of the images matched the hash value of a known series of child pornography, called "Pink Rabbit," which originated in Uruguay.

4. Defendant's history and personal characteristics also support pretrial detention. The Court incorporates and makes part of this Order the facts contained in the PSR. According to the PSR, Defendant has been unemployed, has extensive travel outside of the United States to many countries that are known for the prevalence of sex tourism, and has resided in Colombia and Panama for several years. Defendant also has a history of mental health issues and was involuntarily committed as a result of his behavior and suicidal statements post-arrest.

5. Based on the above findings of fact, the nature of the charged offense, Defendant's current and prior work history, and the overall weight of the evidence, the Court finds by clear and convincing evidence that no conditions or combination of conditions exist to ensure the safety of others or the community. The Court also finds by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure Defendant's appearance at future court proceedings if Defendant is released prior to trial.

Accordingly, the Court hereby directs that:

a.    Defendant be detained without bond;

b.    Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

c.    Defendant shall be afforded reasonable opportunity for private consultations with his counsel;

      d.     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined, deliver Defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 29th day of April 2022.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Pretrial Services
U.S. Marshals Service,
All counsel of record