UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CR-60075-SINGHAL

UNITED STATES OF AMERICA,

        *Plaintiff*,

v.

PAUL KADRI,

        *Defendant*. /

## DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

COMES NOW the Defendant, PAUL KADRI, by and through undersigned counsel, pursuant to 18 U.S.C. § 3145(b), and moves this Honorable Court to revoke the order of detention entered by Magistrate Judge Alicia O. Valle on April 27, 2022. In support, Defendant would show:

## PROCEDURAL HISTORY

1. On April 14, 2022, Defendant was charged by indictment with Count One – transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) & (b)(1); and Count Two – possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2).

2. After self-surrender, the Defendant had his first appearance hearing before U.S. Magistrate Judge Jared M. Strauss. The government recommended detention.

3.     The Defendant was arraigned and had a detention hearing before Magistrate Judge Alicia O. Valle on April 27, 2022.

4.     On April 27, 2022, Magistrate Judge Alicia O. Valle issued an oral order that Defendant should be detained prior to trial. The order found the government had proven a serious risk of flight by a preponderance of the evidence and a safety risk to others and the community by clear and convincing evidence. A written order was submitted on April 29, 2022. (Order at 4).

## ARGUMENT

The magistrate's order of detention should be revoked because Defendant rebutted the statutory presumption that nothing short of detention will secure his appearance and protect the public. The greater weight of the evidence favors Defendant's release on reasonable conditions.

This Court has jurisdiction to review a magistrate's order imposing pretrial detention under 18 U.S.C. § 3145(b). The district court reviews the magistrate judge's findings and conclusions *de novo*. *U.S. v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987).

A federal court has two choices when dealing with a criminal defendant awaiting trial: The defendant may either be released on appropriate conditions or detained. *Reno v. Koray*, 515 U.S. 50, 57 (1995). "In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S.*

*v. Salerno*, 481 U.S. 739, 755 (1987). A criminal defendant may be detained pending trial if he or she presents serious risk of flight or poses a danger to another person or members of the community. *Id*. at 749. Before a defendant is detained pending trial, the government must either establish the defendant poses a serious risk of flight by a preponderance of the evidence, or show the defendant is a danger to another person or the community by clear and convincing evidence. *Id*. at 750. Clear and convincing evidence is present where the evidence demonstrates "an abiding conviction that the truth of its factual contentions are 'highly probable.'" *Colo. v. N.M.*, 467 U.S. 310, 316 (1984).

Where a defendant is charged with certain offenses under 18 U.S.C. § 2252(a), there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer" finds probable cause that the defendant committed the crime. 18 U.S.C. § 3142(e)(3). Once the presumption has been raised, the defendant bears the burden of producing evidence to rebut the presumption. *U.S. v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). An indictment for one of the enumerated crimes in 18 U.S.C. § 3142(e)(3) satisfies probable cause to trigger the presumption. *Id*. Where a defendant produces satisfactory evidence to rebut the presumption, the presumption remains as "an evidentiary finding militating against

3

release, to be weigh[ed] along with other evidence relative to the factors of section 3142(g)." *Id*. (quoting *U.S. v. King*, 849 F.2d 485, 488 (11th Cir. 1988)).

Here, the magistrate found Defendant did not present any evidence to rebut the presumption of 18 U.S.C. § 3142(e)(3). (Order at 2). Defendant respectfully disagrees and cites to the facts proffered by Defendant at the hearing.

Numerous factors weigh against a finding that no combination of conditions will reasonably secure Defendant's appearance at future court proceedings. Soon after the Defendant knew he was being investigated as a result of his detention by Custom and Border Patrol agents at Fort Lauderdale International Airport on September 20, 2021, he engaged attorneys Jamie Benjamin and Jason Kreiss. At that time, both attorneys established contact and communication with the assigned to this case, AUSA Jodi Anton. The undersigned counsel took over representation of the Defendant and established lines of communication with AUSA Anton. During the seven plus months while the government's investigation was underway, the Defendant did not attempt to flee and cooperated with the orderly administration of justice. In fact, the Defendant self-surrendered to law enforcement at the parking garage located behind the United States District Courthouse in Fort Lauderdale to be arrested on April 22, 2022. No conduct was alleged that the Defendant had made any effort whatsoever to become a fugitive from justice.

Further, Defendant has significant ties to Florida and the United States because his 91-year-old mother is a Florida resident living in Bonita Springs. Defendant's Columbian work visa was not renewed; therefore, his entire life and worldly belongings are in the United States. Further, Defendant has turned over both his passport and expired Columbian travel documents to undersigned counsel. Defendant is both disinclined to and unable to travel.

The magistrate's order noted Defendant had previously traveled to countries "known" for sex tourism. However, the government's evidence wholly failed to demonstrate even by a preponderance of the evidence that any of the destinations where the Defendant had travelled were sex tourism hotspots or that the Defendant had engaged in sex tourism. Rank speculation cannot stand as grounds for detention.

Numerous factors also weigh against a finding that no combination of conditions will ensure the safety of others or the community. As proffered at the hearing, the images at issue in this case were obtained many years ago. The government was unable to rebut this assertion at the hearing. Further, there is no evidence showing Defendant was a member of any file-sharing community where the images were disseminated on the internet. The greater weight of the government's evidence shows at best contraband possessed, forgotten on a computer, but in no way distributed. Accordingly, the Defendant poses no clear and

5

present danger to the public and the government has failed to show by clear and convincing evidence that only detention will protect the public from Defendant.

The magistrate found the evidence against Defendant to be substantial. (Order at 2-4). However, "the weight of the evidence is the least important of the various factors" because "the statute neither requires nor permits a pretrial determination that the person is guilty." *U.S. v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Accordingly, this Court should not base its determination on the weight of the evidence.

In sum, Defendant met his burden to rebut the presumption that no condition short of detention would secure his presence and provide for the safety of the public. Defendant presented sufficient evidence showing by a preponderance of the evidence he is no flight risk, and showing by clear and convincing evidence that his release on reasonable conditions would pose no safety risk to the public. This Court should revoke the magistrate's order imposing pretrial detention and enter an order setting reasonable conditions for the Defendant's release pending trial.

## RELIEF SOUGHT

WHEREFORE, Defendant respectfully requests this Court revoke the magistrate order detaining the Defendant pending trial. Should this Court determine

a hearing is necessary, Defendant requests this Court set the matter for hearing as soon as it is practicable.

                                        Respectfully submitted,

                                        The Law Office of
                                        ROBERT DAVID MALOVE, P.A.
                                        The Malove Law Building
                                        200 SE 9th Street
                                        Fort Lauderdale, Florida 33316
                                        Telephone: (954) 861-0384
                                        e-filing@robertmalovelaw.com

                                        By: */s/ Robert David Malove*
                                        Robert David Malove, Esq.
                                        FL. Bar No.: 407283

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document was electronically filed with this Court's CM/ECF filing system on May 11, 2022, and that all parties were effectively served thereby.

                                        */s/ Robert David Malove*
                                        Robert David Malove, Esq.