UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-60075-SINGHAL

UNITED STATES OF AMERICA

vs.

PAUL KADRI,
    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSI [DE 37]**

Paul Kadri ("the Defendant"), through counsel, has filed numerous objections to the Pre-Sentence Investigation Report [DE 35]. The Government will address them sequentially:

As to Objection 1, the Defendant claims he is entitled to a two-point reduction pursuant to the Federal Sentencing Guidelines calculation set forth in Chapter 2G2.2(b). The Defendant was charged with Transporting Child Pornography in violation of Title 18, United States Code, Section 2252(a)(1). The Government agreed to seek dismissal for the charge of Possession of Child Pornography at sentencing. The Federal Sentencing Guidelines for child pornography provide for a two-level decrease if: (A) the base offense level is 22; "(B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material" U.S.S.G. § 2G2.2(b)(1). Section 2G2.2(b)(1) applies <u>only</u> when the defendant's conduct is limited to the receipt or solicitation of material involving the sexual exploitation of a minor. Here, the Defendant's conduct was not limited to the receipt or solicitation of child pornography, but involved transportation. As a result, the Government's position is that § 2G2.2(b)(1) is inapplicable. Even *assuming arguendo*, that the Defendant was entitled to this two-point reduction, that would bring his adjusted base offense level down to a 23. With a criminal history category I, the applicable

guideline range would be 46-57 months, which is below the requisite sixty (60) month mandatory minimum sentence the Court is required to impose on a conviction of Transportation of Child Pornography under Title 18, United States Code, Section 2252(a)(1).   Therefore, it is a distinction without a difference and the argument as to whether the reduction applies is academic.

As to Objections 2-7, the Government takes no position as to whether the Court wishes to correct the PSI on these items.

As to Objection 8, the Government has provided defense counsel with letters and will file the documents under seal in support of paragraph 53 of the PSI.

As to objection 9, the Government agrees with probation in that the special condition of no contact with minors is appropriate given the charge and facts of this case.   The Defendant argues that his employment opportunities may be limited based upon the imposition of this special condition. The Defendant will be a registered sex offender based upon this conviction and the special condition of no contact with minors is narrowly tailored to ensure the safety of the most vulnerable in our society, our children. Moreover, at this juncture, the Defendant's contention is merely speculative and premature.   The Government hereby requests that the Court Overrule this objection.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
/s/ Jodi L. Anton
Jodi L. Anton
Assistant United States Attorney
Florida Bar No. 184098
500 East Broward Blvd.
Fort Lauderdale, Florida 33301
Tel: (954) 660-5692
Jodi.Anton@usdoj.go

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Jodi L. Anton*
Jodi L. Anton
Assistant United States Attorney
