UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60075-CR-SINGHAL/SNOW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

PAUL KADRI,

      Defendant.

_____/

## DEFENDANT'S MOTION TO CORRECT SENTENCE

The defendant, Paul Kadri, through counsel and pursuant to Fed. R. Crim. P. §35(a) and 18 U.S.C. § 3583(e)(2), files this Motion to Correct Sentence and amend the term of supervised release based on clear error. Federal Rules provide that "within 14 days after sentencing, the court may correct a sentence that results from . . . clear error." Fed. R. Crim. P. §35(a). On January 5, 2023, this Court sentenced Mr. Kadri to a 60-month term of imprisonment to be followed by a lifetime term of supervised release. (DE 46). Specifically, the judgment included as a condition of supervised release a prohibition against the possession and viewing of lawful, adult pornography. That prohibition is overbroad and not specifically tailored to the offense of conviction and it violates Mr. Kadri's First Amendment rights.

Federal law provides that a sentencing court may include as a condition of supervised release any "condition it considers to be appropriate" but only "to the extent that such condition – (1) is reasonably related to the factors set forth in section

3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent policy statement issued by the Sentencing Commission to 28 U.S.C. § 994(a).   18 U.S.C. § 3583(d)(1)-(3). Section 3553(a) mandates that the sentencing court "shall impose a sentence sufficient, but not greater than necessary," and further mandates that the sentencing court, "in determining the particular sentence to be imposed, shall consider –

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed –
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1),(2)

Here, Mr. Kadri was convicted of Transportation of *Child* Pornography. Nothing in the record before this Court suggests that Mr. Kadri had any issues with adult pornography or that Mr. Kadri's possession or viewing of adult pornography in any way facilitated or encouraged the acts supporting the offense of conviction. The prohibition against adult pornography is not reasonably related to any of the section 3553(a) factors in this case. In addition, even if this Court finds that it might be reasonably related to any of those factors, the deprivation of the liberty interest at

play here is far greater than necessary for the purposes set out in section § 3553(a). Federal prisoners retain First Amendment rights. *Owen v. Wille*, 117 F.3d 1235, 1237 (11th Cir. 1997). The prohibition violates Mr. Kadri's First Amendment rights and that deprivation is greater than necessary for any sentencing factor. In addition, the prohibition is unconstitutionally vague and fails to provide proper notice under due process. *See United States v. Antelope*, 395 F.3d 1128, 1141-42 (9th Cir. 2005); *United States v. Loy*, 237 F.3d 251, 263-67 (3d Cir. 2001).

WHEREFORE, Mr. Kadri respectfully requests that this Court amend its judgment to omit the prohibition against adult pornography as part of the term of supervised release.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:     s/ Allari Dominguez
Assistant Federal Public Defender
Florida Bar No. 98383
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301-1842
Tel: 954-356-7436
Fax: 954-356-7556
Email: Allari_Dominguez@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 19, 2023, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

document is being served this day on all counsel of record via transmission of Notices

of Electronic Filing generated by CM/ECF or in some other authorized manner for

those counsel or parties who are not authorized to receive electronically Notices of

Electronic Filing.

By:    s/   *Allari Dominguez*, AFPD