UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-60075-SINGHAL

UNITED STATES OF AMERICA

vs.

PAUL KADRI,
    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE [DE 52]

The defendant, Paul Kadri, seeks to amend a condition of supervised release based on clear error. The defendant relies upon the Federal Rule which provides that "within 14 days after sentencing, the court may correct a sentence that results from . . . clear error." Fed. R. Crim. P. §35(a). On January 5, 2023, this Court sentenced the defendant to a 60-month term of imprisonment to be followed by a lifetime term of supervised release. [DE 46]. The judgment included as a condition of supervised release a prohibition against the possession and viewing of lawful, adult pornography. The defendant contends that this prohibition is overbroad and not specifically tailored to the offense of conviction and violates his First Amendment rights.

There was no clear error here. Paragraph 80 of the PSI [DE 39] states the following:

> **Restricted from Possession of Sexual Materials:**
> The defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged
> in sexually explicit conduct. The defendant shall not correspond or communicate
> in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

The defendant filed objections to the PSI wherein he argued numerous points at the sentencing hearing. The defendant did not, however, object to Paragraph 80 of the pre-sentencing report

which contained the restrictions he now complains of. [DE 37].

In *United States v. Biggins*, 664 Fed.Appx. 789 (11th Cir. 2016), the court held that a special condition prohibiting the defendant from possessing or viewing depictions of adults engaged in sexual activity was reasonable. "Biggins was convicted producing and transporting child pornography; far from being devoid of mentions of using or abusing pornography, the record here revolves around its production and use. In other words, the use of pornography was not merely incidental to Biggin's crimes but central to them." *Id.* at 792. The court found the ban on adult pornography "reasonably related to the nature and circumstances of the offense, the need to protect the public, and the need to rehabilitate the defendant." *Id. citing* 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), 2(2)(C)-(D).

As in Biggins, the restriction against adult pornography imposed upon the defendant in Paragraph 80 of the PSI is reasonably related to the nature and circumstances of the offense- which was transporting child pornography- the need to protect the public, and the need to rehabilitate the defendant. The defendant also cites to no binding authority to support his position. As there was no clear error nor infringement upon his First Amendment right, the defendant's motion should be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

*/s/ Jodi L. Anton*
Jodi L. Anton
Assistant United States Attorney
Florida Bar No. 184098
500 East Broward Blvd.
Fort Lauderdale, Florida 33301
Tel: (954) 660-5692
Jodi.Anton@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

_s/ Jodi L. Anton_
Jodi L. Anton
Assistant United States Attorney
